**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0279n.06
Filed: April 13, 2005

**No. 04-5336**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| OREN RAY HALL, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BOGGS, Chief, Judge; COOK, and BRIGHT[*], Circuit Judges.

PER CURIAM. Oren Ray Hall appeals the sentence he received after pleading guilty to distributing alprazolam, a Schedule IV controlled substance, arguing that the district court violated his Sixth Amendment rights under *United States v. Booker*, 125 S. Ct. 738 (2005). Though Hall admitted to distributing only 1800 tablets, the district court held him accountable for 19,170 alprazolam and 2,235 diazepam tablets. Hall's factual admissions warranted a sentencing range of 4 to 10 months of imprisonment. But the relevant-conduct finding increased the applicable range to 15 to 21 months, with the district court sentencing Hall to 21 months.

---

[*]The Honorable Myron H. Bright, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

No. 04-5336
*United States v.Hall*

Because Hall raises his Sixth Amendment argument for the first time on appeal, we review

for plain error. Under this Circuit's *Barnett* regime, we acknowledge the *Booker*-driven sentencing

error and presume the error prejudiced Hall. *See United States v. Barnett*, 398 F.3d 516 (6th Cir.

2005). Nonetheless, we believe the district court's explication of its sentencing choice rebuts the

presumption. In sentencing Hall to the maximum sentence within the range, the district court

explained:

> Mr. Hall, what is going to drive the [c]ourt in this sentence is your criminal
> background. . . . The [c]ourt is going to sentence you to the high end of the
> guideline range. . . . The [c]ourt imposes this sentence to protect society from
> future misdeeds by Mr. Hall and also to reflect the seriousness of the offense.

On this record, we cannot conclude that the district court's *Booker* violation affected Hall's

substantial rights. Accordingly, we affirm Hall's sentence.